[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-14295

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

TIMOTHY WARD,
GDC Assistant Commissioner,
COMMISSIONER, GEORGIA DEPARTMENT OF
TCORRECTIONS,
JACK KOON,
GDC Facilities Director,
STEVE UPTON,
GDC Facilities Director,
ROBERT TOOLE,

GDC Field Operations Director, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00126-MTT-CHW

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, brings an appeal seeking review of district court orders denying his requests for a preliminary injunction. We dismiss the appeal for lack of jurisdiction.

**I.**

In this action, Daker alleged that the Georgia Department of Corrections ("GDOC") adopted a policy that prohibited him from growing a fist-length beard, as required by his religion. According to Daker, when he refused to shave his beard, GDOC employees used force to shave him. Daker brought claims against GDOC and dozens of its current and former employees under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

19-14295                Opinion of the Court                3

Shortly after filing his complaint, Daker filed several motions seeking preliminary injunctions. He asked the district court to require the defendants to provide him access to a law library and to bar them from forcibly shaving him in the future. The district court denied the motions. Daker filed several motions for reconsideration; the district court denied those motions, too. Daker appealed the denial of his motions seeking preliminary injunctive relief and his motions for reconsideration.

While this appeal of those orders was pending, the underlying litigation continued. As required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A, a magistrate judge *sua sponte* reviewed Daker's complaint. The magistrate judge concluded that some of the claims could proceed and ordered Daker to serve the defendants. But Daker failed to complete service on any of the defendants, and the district court eventually dismissed the action. This dismissal was effectively with prejudice because, as the district court explained, the statute of limitations would bar Daker from refiling the claims. Daker appealed the dismissal, and we affirmed.[1] *See Daker v. Ward*, No. 23-10609, 2023 WL 7182358 (11th Cir. Nov. 1, 2023) (unpublished).

---

[1] At Daker's request, we stayed this appeal pending the resolution of his appeal of the dismissal.

## II.

In this appeal, Daker challenges the district court's denial of his motions seeking preliminary injunctive relief. Before we can consider the merits of his appeal, we must address jurisdiction. *See Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022).

Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies." U.S. Const. art. III, § 2. "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000) (internal quotation marks omitted). An issue becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (internal quotations marks omitted). An appeal can be rendered moot by intervening events. *See Vital Pharms.*, 23 F.4th at 1288.

Mootness issues may arise in appeals of orders granting or denying preliminary injunctions. "A preliminary injunction is meant to keep the status quo for a merits decision, not to replace it." *Id.* at 1290 (alteration adopted) (internal quotation marks omitted). A district court order granting or denying a preliminary injunction is immediately appealable. 28 U.S.C. § 1292(a)(1). When a party brings an interlocutory appeal, the district court retains jurisdiction to proceed with the portions of the case not related to the appeal. *Johnson v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022). If a

district court enters a final judgment while an interlocutory appeal of a preliminary injunction order remains pending, the interlocutory appeal becomes moot. *See Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992) This is because "[o]nce a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction." *Id.*; *see Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262, 1262 (2007) (noting that the Supreme Court has "previously dismissed interlocutory appeals from the denials of motions for temporary injunctions once final judgment has been entered" and vacating and remanding for circuit court to dismiss appeal as moot).

Here, Daker appeals the denial of preliminary injunctive relief. Because the district court has rendered a final judgment dismissing the underlying action, this appeal is moot. Accordingly, we dismiss this appeal.

**DISMISSED.**